**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------X

IN RE:                                                                  **MEMORANDUM OF**
                                                                              **DECISION AND ORDER**
      FLORIN MUNTEANU                              06 CV 6108 (ADS)

           Debtor/Appellant.

----------------------------------------------------X

**APPEARANCES:**

**STEINBERG, FINEO, BERGER & FISCHOFF, P.C.**
Attorneys for the Debtor/Appellant
40 Crossways Park Drive
Woodbury, New York 11797
      By:    Gary C. Fischoff, Esq.
             Heath S. Berger, Esq., of Counsel

**TERESE A. CAVANAGH**
**OFFICE OF THE UNITED STATES TRUSTEE**
560 Federal Plaza
Central Islip, New York 11722

**SPATT, District J.**

      This case comes before the Court on an appeal filed by Debtor Florin Munteanu (the "appellant") from order of United States Bankruptcy Judge Stan Bernstein. The appellant seeks review of a Memorandum and Order, dated October 17, 2006, that dismissed the appellant's chapter 11 case <u>sua sponte</u> at a status conference held on September 28, 2006. On November 2, 2006, this Court issued an order directing that the dismissal be stayed pending the disposition of this appeal.

I.  **BACKGROUND**

The following facts are derived from the appellant's brief and the bankruptcy record on appeal. The United States Trustee did not file an appellee's brief in opposition to this appeal. The appellant is a medical doctor licensed by the State of New York since approximately 1971. From 1977 until 1995, the appellant was self-employed, operating out of an office in Huntington, New York. In approximately 1998, the appellant closed his practice and became a full-time employee of the Nassau University Medical Center. According to the schedules attached to bankruptcy petition, the appellant earned in excess of $172,000 in 2005 and $147,000 in 2004.

On March 28, 2006, the appellant filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The appellant did not pay income taxes for periods dating back to the 1980s. Thus, the New York State Department of Taxation and Finance filed a claim in the chapter 11 proceeding for unpaid income taxes in the amount of $36,838.98, and is currently garnishing the appellant's wages. The Internal Revenue Service filed a claim in the chapter 11 proceeding for unpaid income taxes in the of $1,542,539.02. As part of the chapter 11 case, the appellant made an application to employ special matrimonial counsel so he can commence a divorce proceeding against his estranged wife, from whom he had been separated for more than twenty years.

On April 4, 2006, Judge Bernstein issued an "Order Scheduling Case Management Conference," setting the conference date at May 18, 2006 ("Conference Order"). Among other things, the Conference Order provided that at the conference the Court may consider "[t]he disposition of any motions filed by the U.S. Trustee or on the Court's own motion to dismiss or convert the case." Directly above Judge Bernstein's signature, in bold and all capital lettering, the Conference Order states:

> THIS ORDER SHALL CONSTITUTE NOTICE TO ALL CREDITORS UNDER SECTION 1112(B) THAT THE COURT MAY CONSIDER AND DETERMINE ANY MOTION TO CONVERT, DISMISS OR APPOINT A CHAPTER 11 TRUSTEE FOR CAUSE MADE AT THE CONFERENCE BY ANY PARTY IN INTEREST OR THE UNITED STATES TRUSTEE OR ON THE COURT'S OWN MOTION.

On April 5, 2006, the Clerk of the Court entered a Notice of Status and Case Management Conference ("Conference Notice"). Among other things, the Conference Notice provides that at the conference, "the Court may consider and determine any motion to dismiss . . . by the Court on its own motion. This includes oral motions made at the hearing."

On May 18, 2006, the Case Management Conference was rescheduled to be held on June 22, 2006. The docket entry adjourning the conference contains the following language: "PLAN TO BE FILED WITHIN 90 DAYS." The Case Management Conference was adjourned two additional times, to July 27, 2006 and then to September 28, 2006.

3

By letters dated August 16, 2006, and September 5, 2006, the U.S. Trustee informed the debtor that his monthly operating statements did not comply with the U.S. Trustee's guidelines, and requested additional information. The appellant did not supplement his statements.

On September 28, 2006, the appellant and the United States Trustee appeared before Judge Bernstein for a status conference and on the appellant's motion to appoint matrimonial counsel. At this time, the appellant still had not filed a proposed plan of reorganization. At the conference, Judge Bernstein dismissed the case <u>sua sponte</u>, over the appellant's counsel's objection.

On October 17, 2006, Judge Bernstein issued a written Memorandum and Order dismissing the appellant's case, providing the following reasons:

- A. Dismissal of [this] chapter 11 case[] is mandated because the debtor[] failed to comply with an express order of this Court, and alternatively failed to file a plan and disclosure statement within the deadline established by this Court. The failure and/or refusal of the debtor[] to file a joint plan of reorganization by the extended deadline is itself an independent statutory ground for dismissal under both 11 U.S.C. § 1112(b)(4)(E) and (J).

- B. Dismissal of the debtor's chapter 11 case is also warranted where the debtor fails to provide information reasonably requested by the United States trustee. <u>See</u> 11 U.S.C. § 1112(b)(4)(H). The debtor's failure to comply with two reasonable requests for information by the United States trustee [] also justifies dismissal of the debtor's case under the statute.

> C. Dismissal of this case is further warranted in light of the fact that, in the six months that this case[] has been pending, the Court has not seen any indication that the debtor has the ability to propose a feasible plan of reorganization. Although the debtor now [has] a plan of reorganization, the Court could not confirm a plan that is not proposed in good faith. See 11 U.S.C. § 1129(a)(3). The plan proposed by the debtor, a surgeon supporting only himself on a salary of over $10,000 a month, allows for payments to unsecured creditors, primarily taxing authorities, that would be less than $.01 for each dollar owed. This nominal distribution shocks the conscience of the Court. Moreover, this plan and disclosure statement deliberately ignore the impact of any claims of the debtor's wife. This Court cannot find that the plan proposed by the debtor was proposed in good faith.

(Memorandum and Order, dated October 17, 2006, at 3-4).

## II. DISCUSSION

### A. Standard of Review

A district court hearing an appeal from a bankruptcy court reviews that court's findings of fact under the "clearly erroneous" standard, see Fed. R. Bankr. P. 8013, while its conclusions of law are reviewed de novo. See Vouzianas v. Ready & Pontisakos (In re Vouzianas), 259 F.3d 103, 107 (2d Cir. 2001); Bank Brussels Lambert v. Coan (In re AroChem Corp.), 176 F.3d 610, 620 (2d Cir. 1999); In re Bennett Funding Group, Inc., 146 F.3d 136, 138 (2d Cir. 1998) (citations omitted).

### B. As to the Issues Raised by this Appeal

The appellant raises several issues on this appeal. Specifically, he presents the following questions:

5

1. Whether the Bankruptcy Court erred by dismissing the instant case sua sponte without notice to debtor in violation of Rule 2002(a)(4) of the Federal Rules of Bankruptcy Procedure?

2. Whether the Bankruptcy Court erred in considering whether a plan to be filed was in "good faith," which is a standard for confirmation, pursuant to 1129(a)(3) not dismissal of the case pursuant to 1112?

3. Whether the Bankruptcy Court erred in dismissing the case, and was arbitrary, capricious and abused its discretion by dismissing the case because as the Court stated the Debtor should have filed a Chapter 7 case, which relief is statutorily unavailable as the Debtor would have failed the "means test" imposed by 707?

In the Court's view, the substantial issue to be decided in this appeal is whether Judge Bernstein provided sufficient notice to the appellant of the dismissal of the case.

As an initial matter, contrary to the appellant's contention, the Court finds that the Bankruptcy Court may dismiss a case under Section 1112(b) sua sponte, if there is cause. Although the plain language of Section 1112 states that dismissal is required "on request of a party in interest," 11 U.S.C. § 1112(b)(1), Courts generally hold that after the 1986 amendments to Section 105 of the Bankruptcy Code, the Bankruptcy Court has the authority to dismiss a bankruptcy petition for cause under Section 1112(b) on its own motion. See, e.g., In re State Street Assocs., L.P., 348 B.R. 627, 641-42 (Bankr. N.D.N.Y. 2006); Spencer v. Steinman (In re Argus), 206 B.R. 757, 763 (E.D. Pa. 1997); In re 183 Lorraine Street Assocs., 198 B.R. 16, 32-33 (E.D.N.Y. 1996); Pleasant Pointe Apartments, Ltd. v. Kentucky Housing Corp., 139 B.R. 828,

832 (W.D. Ky. 1992). Thus, the Court finds that Judge Bernstein did not abuse his discretion by raising the issue of dismissal sua sponte and without a motion from the U.S. Trustee.

### C. As to the Issue of Notice

Section 1112(b) provides, in part, that the Court shall dismiss a case for cause "after notice and hearing." 11 U.S.C. § 1112(b)(1). Section 102, entitled "Rules of Construction," defines "after notice and a hearing" as "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A); C-TC 9th Ave. P'Ship v. Norton Co. (In re C-TC 9th Ave. P'Ship, 113 F.3d 1304, 1312 (2d Cir. 1997). Bankruptcy Rule 2002 requires that twenty-days notice by mail be given to the debtor of "the hearing on the dismissal of the case or the conversion of the case to another chapter, unless the hearing is under § 707(a)(3) or § 707(b) or is on dismissal of the case for failure to pay the filing fee."

At the September 28, 2006 conference, the attorney for the appellant objected to the dismissal of the case for lack of notice, as required by Section 1112(b). In response, Judge Bernstein relied on the statement in his initial Conference Order that "THIS ORDER SHALL CONSTITUTE NOTICE TO ALL CREDITORS UNDER SECTION 1112(B) THAT THE COURT MAY CONSIDER AND DETERMINE ANY MOTION TO . . . DISMISS . . . FOR CAUSE MADE AT THE CONFERENCE

BY ANY PARTY IN INTEREST OR THE UNITED STATES TRUSTEE OR ON THE COURT'S OWN MOTION." The question before the Court is whether this language was sufficient to put the debtor on notice that the case could be dismissed, or whether a separate, additional notice and a hearing were required before the Bankruptcy Court could dismiss the case.

In <u>Dinova v. Harris (In re Dinova)</u>, 212 B.R. 437 (B.A.P. 2d Cir.1997), the Second Circuit found that a similar notice in a Chapter 7 did "not even arguably" comply with the requirements of due process. <u>Id.</u> at 443. In <u>Dinova</u>, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The Bankruptcy Court scheduled the first meeting of the creditors for January 21, 1997.

On December 19, 1997, the Bankruptcy Court mailed "Notice of Commencement of Case Under Chapter 7 of the Bankruptcy Code, Meeting of Creditors, and Fixing of Dates." This notice was sent on a standard form used in the Northern District of New York, and mailed to the debtor, his creditors, and parties in interest. Included on the notice was a warning, in bold, capital letters, stating: "FAILURE BY THE DEBTOR(S) TO APPEAR [at the meeting of creditors] SHALL RESULT IN THE DISMISSAL OF THE CASE UPON EX PARTE ORDER." 212 B.R. at 440. There was no dispute that the debtor received this notice. However, the debtor appeared at the meeting only through his attorney, and not in person.

Following several adjournments of the meeting, at which the debtor did not appear in person but only by attorney, the U.S. Trustee moved to dismiss the case under 11 U.S.C. § 707(a)(1), ex parte, based on the debtor's absence from the meeting. The Bankruptcy Court granted the motion and dismissed the case. The question presented on appeal was whether the warning legend on the Notice of Commencement of Case satisfied the notice requirements of Section 707(a), which provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing and only for cause." 11 U.S.C. § 707(a).

The Bankruptcy Appellate Panel of the Second Circuit agreed with the debtor that the warning legend imprinted on the notice did not comply with the applicable notice, hearing and cause requirement of Section 707(a). Id. at 440-46. In making this determination, the Second Circuit relied on several United States Supreme Court cases that discuss the requirements of due process, and reiterated that the Supreme Court has repeatedly instructed that notice must be provided at a meaningful time and in a meaningful manner. Id. at 443 (citing Mullane v. Central Hanover Bank & Trust Co., 330 U.S. 306, 313, 70 S. Ct. 652, 656, 94 L. Ed. 865, 872-73 (1950); Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902, 47 L. Ed. 2d 18 (1976); Armstrong v. Manzo, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L. Ed. 2d 62 (1965)). Applying that standard, the Court found the warning label on the Notice of Commencement of Case to be grossly inadequate. The Court wrote:

> [I]t is clear that the boilerplate warning legend in the Notice of Commencement of Case, stating that the case may be dismissed ex parte if the debtor fails to attend a section 341 meeting, does not even arguable comply with the requirement of "notice and a hearing" in section 707(a). The Notice of Commencement of Case cannot be deemed "notice" of an event which has not yet happened, which parties in interest may not know about and which, if it does happen in the future, may nevertheless not constitute "cause" by reason of other circumstances affecting the rights either of the debtor or creditors.

212 B.R. at 443-44.

In the present matter, the Bankruptcy Court employed a boilerplate warning on the initial Conference Order similar to the warning used in Dinova. Although the warning referenced Section 1112(b), that provision lists sixteen different circumstances that can constitute cause for dismissal, none of which had happened at the time the notice issued and that may or may not have ever occurred. Under these circumstances, the Court finds that the notice by the Bankruptcy Court that it was considering dismissing the petition for cause was not provided at a meaningful time, and did to permit the appellant a meaningful opportunity to respond. See In re Dinova, 212 B.R. at 446; see also Bucurescu v. 190A Realty Corp. (In re Bucurescu), 282 B.R. 124, 132 (S.D.N.Y. 2002) (vacating Bankruptcy Court order dismissing case based on a failure to provide the debtors with a meaningful opportunity to be heard with respect to the impending dismissal). Thus, the notice did not satisfy the requirements of Section 1112(b), Section 102, or Rule 2002. The order of the

Bankruptcy Court dismissing the petition is vacated and the case is remanded for further consideration.

### III.    CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the order of the bankruptcy court, dated October 17, 2006, is vacated, and the case is remanded to the Bankruptcy Court for further consideration; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED**.

Dated: Central Islip, New York
       June 28, 2007

                                                              */s/ Arthur D. Spatt*
                                                              ARTHUR D. SPATT
                                                              United States District Judge